UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT BAUER, | ) | CR 05-50016-AWB |
| | ) | [CIV 07-5062] |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Docket 274. The Government has responded to that motion, Docket 280, and Petitioner has filed a reply. Docket 282. For the reasons stated below, the Court dismisses Petitioner's first two grounds for habeas relief. As to Petitioner's third ground, ineffective assistance of counsel, the Court refers this matter to Magistrate Judge Veronica Duffy for further review.

## BACKGROUND

Petitioner was indicted along with six other defendants on March 17, 2005. Docket 1. On February 1, 2006, before Judge Karen E. Schreier, Petitioner pled guilty to counts 9 and 11 of the indictment. Docket 207. Both Count 9 and Count 11 charged Defendant with violations of 18 U.S.C. § 924(c)(1)(A)(i), which prohibits possession of a firearm during and in relation to any crime of violence or drug trafficking crime. Count 9 involved conduct "on or

about December, 2003," and Count 11 involved activity "[o]n or about January, 2004." In the statement of factual basis signed by Petitioner, he admits the following:

> In December 2003, [Bauer] received two guns from Ponce in exchange for methamphetamine. . . . In January, 2004, Bauer again traded with Johnny [illegible] methamphetamine for a gun[.]

Docket 206 (statement was a typed statement with segments crossed out and replaced with handwritten words).

The transcript of the change of plea hearing demonstrates that Petitioner was represented by counsel at the hearing. See Docket 248. At the hearing, Judge Schreier engaged in a colloquy with Petitioner about his age, education level, recent treatment for addiction and mental illness, and the possible influence of medication or drugs which would impair his judgment at the hearing. Transcript of Plea Proceedings at 2-3. When asked if he had been treated recently for mental illness, the Defendant replied "No." Id. at 2. The Court then asked Petitioner if he had discussed the charges against him and his criminal case with his lawyer, and whether he was satisfied with his legal representation. Id. at 3-4. Petitioner answered yes to both questions.

Defendant answered affirmatively when asked if he had read the plea agreement and if he understood its terms and conditions. Id. at 4. Petitioner also agreed with the Court that the plea agreement reflected all of the promises Petitioner had received from the government, and that neither the government

nor any other party had made any other promises other than those contained in the plea agreement.  Id. at 4-5.  Petitioner replied "No" to the Court's question "[Is a]nybody forcing or coercing you into pleading guilty," and he said "Yes" when asked "Are you pleading guilty of your own free will because you are guilty."  Id. at 5.  Petitioner agreed that he understood what he was pleading to. Id.  The Court also notified Petitioner that the crime in Count 9 included a mandatory minimum of five years, that Count 11 involved a mandatory minimum period of 25 years of imprisonment, and that these terms of imprisonment would be served consecutively.  Id. at 6.  Judge Schreier then asked the Petitioner, "Do you understand that those are the mandatory minimum and maximum sentences that can be imposed if you plead guilty today?"  Petitioner answered "Yes."  Id. at 6-7.

Judge Schreier then discussed with the Petitioner the sentencing process as well as the rights he waived by pleading guilty.  At all times during this discussion, when Judge Schreier asked him if he understood, Petitioner responded affirmatively.  Id. at 7-10.

 Next, Judge Schreier asked Petitioner if he read the statement of factual basis before he signed it, to which Petitioner replied, "Yes. Yes."  Id. at 10.  The Court then asked Petitioner, "Is everything in the statement of factual basis the truth?  There are some handwritten changes in there."  The Petitioner answered, "Yes" and admitted that he had made those changes.  Id. at 10-11.  Again, Judge

3

Schreier asked Petitioner, "[I]s everything in the statement of factual basis the

truth." Petitioner replied, "Yes." Finally, Judge Schreier said, "You just reviewed

it again now. You are sure it's all the truth?" For the third time, Petitioner

stated, "Yes." Id. at 11. Petitioner then pled guilty to Counts 9 and 11 charged

in the indictment, and Judge Schreier stated:

> It is the finding of the court in the case of United States versus Scot
> Bauer that the defendant is fully competent and capable of entering
> informed plea; that he is aware of the nature of the charges and
> consequences of the plea; and that the plea of guilty is a knowing and
> voluntary plea supported by an independent basis in fact containing
> each of the essential elements of the offense. The plea is therefore
> accepted and the defendant is now adjudged guilty of that offense.

Id. at 12.

At no time during the hearing did the Petitioner say anything to the Court

which reflected hesitation about submitting his guilty pleas or an improper

purpose, such as suicidal thoughts, for changing his pleas. Additionally,

defense counsel never said anything to the Court which indicated any hesitation

on his part regarding his client's guilty pleas.

Petitioner appealed his case to the United States Court of Appeals for the

Eighth Circuit, but the appeal was dismissed on July 14, 2006, pursuant to the

Government's motion. It appears to this Court that the Eighth Circuit's

dismissal was due to Petitioner's waiver of his appeal rights in his plea

agreement. On August 14, 2006, Petitioner's petition for rehearing to the Eighth

4

Circuit panel was denied.  Petitioner did not appeal these Eighth Circuit decisions to the United States Supreme Court.

On August 31, 2007, Petitioner filed a petition for writ of habeas corpus with this Court asserting the following three grounds for review.  This Court ordered the Government to respond to Petitioner's grounds for review, which it did on October 5, 2007.  Docket 280.  The Petitioner filed a response to the Government's answer.  Docket 282.

## DISCUSSION

**Procedural default**

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal.  United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001).  When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either actual innocence or that the procedural default should be excused because there was both cause for the default and prejudice to the petitioner.  McNeal, 249 F.3d at 749.  Therefore, Petitioner must show both cause for why he failed to raise these issues on direct appeal as well as actual prejudice caused by these errors.

As stated above, Petitioner waived his appeal rights in his plea agreement.  See Docket 205.  The Court believes that this is why the Eighth Circuit Court of

Appeals dismissed his direct appeal without discussion upon a motion of the Government.  <u>See</u> Docket 274, page 2.  While ordinarily this Court would evaluate whether Petitioner's waiver of his appeal rights renders these claims procedurally defaulted, the Court avoids such an analysis here and finds that Petitioner's first two grounds for habeas relief are dismissed on their merits.  As discussed below, even if Petitioner could demonstrate that these first two claims are not procedurally defaulted, they fail on their merits.

As to Petitioner's third ground for habeas relief, ineffective assistance of counsel, such claims are generally not reviewed on direct appeal and are properly addressed in a 28 U.S.C. § 2255 motion such as the one here.  <u>See</u> <u>United States v. Russell</u>, 132 Fed. Appx. 670, 671-72 (8th Cir. 2005) (citing <u>United States v. Lee</u>, 374 F.3d 637, 654 (8th Cir. 2004)).  Therefore, no procedural default analysis is required before examining Petitioner's claims of constitutionally-deficient counsel.

**Ground One:      Whether Counts 9 and 11 were to be treated as separate and distinct offenses for sentencing purposes**

First, Petitioner argues that "the District Court Erroneously And Unconstitutionally Treated Counts 9 and 11 As Separate And Distinct Offenses In Imposing Sentence."  Docket 274, page 4.  Petitioner argues that "Counts 9 and 11 were identical charges, i.e. violations of 18 U.S.C. § 924(c)(1)(A) [and t]he District Court relied upon 18 U.S.C. § 924(c)(1)(A)(1) and (C)(1) and erroneously treated these convictions as separate and apart."  <u>Id.</u>  Petitioner argues the

6

following facts in support of his argument that these offenses were related and do not constitute separate events:  he was charged in a single indictment; the "offenses took place as part of a single ongoing series of events;" he turned all firearms into law enforcement at the same time, except for one pistol which he turned in later; and he was arrested for both charges at the same time.  Id.  This error of the District Court, argues Petitioner, violated his federal statutory rights as well as his right to due process under the Fifth Amendment.

The Government replies by citing to Deal v. United States, which it says "squarely foreclose[s]" Petitioner's claim.  508 U.S. 129, 113 S. Ct. 1993, 124 L. Ed. 2d 44 (1993).  In that case, the United States Supreme Court reviewed a case involving six bank robberies on six different dates and ruled that a "conviction" under the language of § 924(c)(1) refers to a finding of guilt on a charge.  508 U.S. at 132.  Thus, the Court affirmed a sentence of five years on one count under 18 U.S.C. § 924(c)(1) and sentences of 20 years each on the remaining five counts, to be served consecutively.

In his reply to the Government's argument, the Petitioner again points to the facts of his case which would indicate that this offenses were not separate and distinct.  Petitioner states, "There is no doubt that these offenses were committed more or less at the same time during a single course of action.  Consequently, these offenses cannot be considered to be separate events.  That is, these offenses could only have happened simultaneously."  Docket 282, page

7

2.  Petitioner goes on to state that "simply because the pleas were entered chronologically does not mean the offense themselves were separate and distinct." Id.

The Court believes that Defendant's sentence is not improper or in violation of any federal statutory or constitutional rights.  The indictment distinguishes between Counts 9 and 11, stating that Count 9 took place in December 2003, and that Count 11 involved conduct in January 2004.  Docket 1.  The statement of factual basis similarly states that two transactions took place, one in December 2003, and one the next month, in January 2004.  Docket 206.   Further, the indictment lists pertinent guns to charges 9 and 11, and those guns listed are different in the two counts, a distinction which is reflected in the statement of factual basis.  The mere fact that Petitioner was arrested for these two crimes at the same time, that he turned in the relevant guns at the same time (for the most part), and that he was prosecuted for these crimes at the same time is not determinative to the sentencing Court in applying § 924(c)(1)(A)-(C).  While Petitioner states that "these offenses could only have happened simultaneously," the Court believes that this is untrue.  Petitioner could have chosen to participate in only the December transaction and declined to participate in the January transaction, or vice versa.  Petitioner did not do so, and thus was charged with two separate counts and sentenced for these two separate counts.

8

Further, the Court believes that caselaw supports the sentencing Court's application of the sentencing enhancement in § 924(c)(1)(C).  Deal, 508 U.S. at 132; United States v. Hatcher, 501 F.3d 931, 934-35 (8th Cir. 2007) (finding that second or subsequent conviction provision is a sentencing enhancement and not an element of the offense, referring to the holding of Deal, and affirming the enhanced sentences when it appears that the initial conviction under § 924(c)(1)1)(A) was in the same indictment as the subsequent charges); United States v. Hatcher, 323 F.3d 666, 669 n.1 (8th Cir. 2003) (stating that it "throughly considered" and "rejected as without merit" appellant's argument that use of sentencing enhancements under § 924(c)(1) was improper in case involving armed robberies of several jewelry stores).  See also United States v. Lopez-Urbina, 434 F.3d 750, 760-61 (5th Cir. 2005) (finding that Deal has not been overruled by subsequent U.S. Supreme Court decisions and affirming enhanced sentence for counts five and six based on earlier charge in the same proceedings); United States v. Couch, 291 F.3d 251 (3rd Cir. 2002) (finding that enhancement was appropriate even when single plea and single indictment of three separate weapons counts under § 924); United States v. Haynes, 26 Fed. Appx. 123, 128, 136-139 (4th Cir. 2001) (upholding enhanced sentences under § 924(c)(1) for murder of three women, stating that the "statute speaks in terms of 'conviction,' not criminal episode," and thus enhancement was appropriate even for separate convictions within the same criminal episode); United States v.

9

Abreu, 997 F.2d 825, 826 (10th Cir. 1993) (affirming enhancements for charges when indictment contained both predicate and subsequent charges under § 924(c)(1)).

For these reasons, the Court dismisses ground one of Petitioner's petition for writ of habeas corpus that the sentencing court improperly applied 18 U.S.C. § 924.

**Ground Two:      Whether the Petitioner's mental state rendered him unable to enter a guilty plea**

Petitioner's second ground for relief is that, because of his depression, he was "unable to adequately assist his counsel in his case [and] unable to clearly understand the plea agreement that he eventually signed." Docket 274, page 6. Consequently, he argues, his guilty pleas were not voluntarily or freely given, and thus were in violation of his due process rights. In response, the Government points to the record of the plea hearing to demonstrate that the Court made all the necessary findings in its determination of the voluntariness of the plea and conducted all the necessary inquiries to ensure that Defendant was fully competent to enter a guilty plea and did so voluntarily. Docket 280. The Petitioner replies that the record of the hearing "is not dispositive," and goes on to point out Petitioner's history of mental illness, his prescriptions for psychotropic medication, and his period of detention for over a year in which he states he was "unable to obtain any medications for his depression" despite his efforts to secure such treatment. Docket 282, page 6. All of these things,

10

Petitioner argues, demonstrate that he was not able to comprehend the terms and conditions of the plea agreement nor the consequences of pleading guilty.

The Court agrees with the Petitioner that determinations of a defendant's competency to enter a guilty plea are of constitutional significance. Godinez v. Moran, 509 U.S. 389, 396-400, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993). See United States v. Taylor, ____ F.3d ____, 2008 WL 341470, *6 (8th Cir. 2008) (affirming court's denial of motion to withdraw guilty plea and stating that the district court properly "question[ed] Taylor's motives and discount[ed] his claim of lack of competency"). Before accepting a guilty plea from a defendant, the Court is to determine that the accused is competent, or "did he have the ability to understand the proceedings?" Shafer v. Bowersox, 329 F.3d 637 (8th Cir. 2003) (citing Godinez, 509 U.S. at 400).

> Due process requires that a district court conduct a competency hearing, either upon a motion or sua sponte, whenever there is a sufficient doubt about the defendant's competence. "Although there are no facts which invariably create a sufficient doubt about a defendant's competency, attention should be paid to any evidence of his irrational behavior, his demeanor before the trial court, available medical evaluations, and whether trial counsel questioned the defendant's competency before the court."

United States v. Premachandra, 32 F.3d 346, 347 (8th Cir. 1994) (affirming district court's decision not to hold an "in depth competency hearing" when a mental evaluation stated that defendant had a mood disorder and anxiety disorder) (citing United States v. Day, 949 F2d 973, 981 (8th Cir. 1991)).

11

After a Court has determined that a defendant is mentally competent to enter a guilty plea, the Court must still make a determination that the waiver of one's rights that is part of a guilty plea is given intelligently and voluntarily. See Godinez, 509 U.S. at 401-02 (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)); Shafer, 329 F.3d at 650 (stating that this is an inquiry into whether defendant "actually understand[s] the consequences of a particular decision").  This inquiry requires "a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Shafer, 329 F.3d at 650.  Additionally, such a finding requires the Court to find that the guilty plea was "a voluntary and intelligent choice among the alternative courses of action open to the defendant," and that the defendant possesses "an understanding of the law in relation to the facts." Wilkins v. Bowersox, 145 F.3d 1006, 1015 (8th Cir. 1998).

In this case, the court made a finding that the Petitioner was competent to enter a guilty plea, after questioning him regarding a variety of factors which would speak to his ability to understand the proceedings before him.  Due process merely requires a court to investigate further once a "sufficient doubt" is raised as to a defendant's competency. Premachandra, 32 F.3d at 347.  No such doubt was raised here.  The Court gives great weight to the district court's ability to personally observe Petitioner's demeanor and conduct during the hearing and to hear his answers to the Court's questions.  At the hearing in question,

12

Petitioner intelligently answered the Court's extensive questions regarding his knowledge and state of mind as well as the waiver of his rights and his guilty plea, and he said nothing to the Court about any hesitation he had in pleading guilty.  Nor did the Petitioner's counsel say anything to the Court about a lack of competence.  This Court's review of the record did not uncover any indication of Petitioner's alleged mental illness during any phase of the proceedings which may have alerted the district court to concerns about Petitioner's competency. Finally, while not dispositive, this Court finds it significant that Petitioner failed to raise this question of competency any time in the seventeen months between the change of plea hearing and the filing of his habeas petition.  For these reasons, the Court does not believe that Petitioner's due process rights were violated when the Court accepted Petitioner's guilty pleas after making full inquiry into the Petitioner's mental and intellectual capacity and after receiving responses from Petitioner which supported its conclusion that he was competent to enter a plea.

Further, the Court believes that the district court properly determined that Petitioner intelligently and voluntarily waived his rights when he pled guilty. Prior to making her finding that the Petitioner freely and voluntarily entered into the plea, the Court engaged in a colloquy with Petitioner about the rights he would waive in pleading guilty, his reasons for pleading guilty, the conditions and completeness of the plea agreement in terms of his understanding of

13

promises made by the government, and the Court's processes in arriving at a sentence.  Importantly, the Court also told Petitioner about the mandatory minimum sentences applicable to the charges to which he desired to plead guilty.  At all times, Petitioner stated his understanding and communicated a desire to plead guilty, and nothing in the record indicates that he ever expressed any hesitation about his decision to plead guilty.

For these reasons, the Court finds that Petitioner was competent to enter a guilty plea, and that Petitioner's guilty pleas were intelligently and voluntarily given.  Therefore, Petitioner's guilty pleas are valid and do not violate Petitioner's federal statutory or constitutional rights.  Consequently, Petitioner's habeas petition on ground 2 is therefore dismissed.

**Ground Three:      Whether defense counsel's behavior was constitutionally ineffective**

Finally, Petitioner argues that his attorney's representation was constitutionally ineffective, and he addresses seven specific deficiencies.  Docket 274, page 7.  The Government's answer also addresses these allegations of ineffective assistance of counsel.  Docket 280, page 4-7.

Unlike the first two grounds discussed above, the Court is unable to conclude at this time that Petitioner's claim of constitutionally-deficient counsel must be dismissed.  Therefore, it refers this portion of Petitioner's habeas petition to Magistrate Judge Veronica Duffy for further proceedings, pursuant to

14

28 U.S.C. § 636(b) and Rule 8 of Rules Governing Section 2255 Proceedings for

the United States District Courts.

Good cause appearing, it is hereby

ORDERED that Grounds 1 and 2 of Petitioner's motion to vacate, set

aside, or correct sentence, Docket 274, are DISMISSED.

Dated: March 20, 2008.


BY THE COURT:


/s/ *Andrew W. Bogue*

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE

15