UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT BAUER, | ) | CR 05-50016-AWB |
| | ) | [CIV 07-5062] |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING |
| vs. | ) | MAGISTRATE JUDGE'S |
| | ) | REPORT AND |
| UNITED STATES OF AMERICA, | ) | RECOMMENDATIONS AND |
| | ) | DENYING MOTION TO VACATE |
| Respondent. | ) | SENTENCE |
| | ) | |

Petitioner has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.  Docket 274.  After denying Petitioner's motion on two grounds, the Court referred the matter to Magistrate Judge Veronica L. Duffy for an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel.  Docket 286.  An evidentiary hearing was held on June 6, 2008, and Magistrate Judge Duffy filed a report and recommendations on September 9, 2008, recommending that the Court deny Petitioner's request for relief based on ineffective assistance of counsel.  Docket 301.  Petitioner has filed objections to the report and recommendations.  Docket 302.  For the reasons stated below, the Court adopts the Magistrate Judges' report in its entirety and denies Petitioner's motion to vacate, set aside, or correct his sentence.

## BACKGROUND

On March 17, 2005, Petitioner was indicted of one count of Conspiracy to Distribute a Controlled Substance, three counts of Distribution of a Controlled Substance, one count of Felon in Possession of a Firearm, and three counts related to use of a firearm during a crime.  Docket 1.  On February 1, 2006, Petitioner pled guilty to counts 9 and 11 of the indictment, which both involved use of a firearm during  a drug trafficking crime.  Docket 207.  On May 11, 2006, he was sentenced to 230 months in prison and five years of supervised release. Docket 235.

On August 31, 2007, Petitioner filed a petition for writ of habeas corpus with this Court asserting three grounds for review.   In its memorandum opinion and order dated March 20, 2008, the Court dismissed Petitioner's first two claims and referred the final claim to Magistrate Judge Veronica L. Duffy for further investigation.  Docket 285.  Magistrate Judge Duffy held an evidentiary hearing on June 6, 2008, regarding Petitioner's claims that his attorney provided ineffective assistance of counsel.  Docket 295.  Two witnesses testified at that hearing:  Petitioner, and his attorney John Murphy.  On September 9, 2008, the Magistrate Judge issued a report and recommendations, recommending that Petitioner's motion to vacate, set aside, or correct his sentence be denied in its entirety.  Docket 301.  Petitioner has filed objections to this report, which the Court takes up now.  Docket 302.

2

## DISCUSSION

28 U.S.C. § 636(b)(1)(B) states that upon referral a court may designate a magistrate judge to conduct hearings on "applications for posttrial relief made by individuals convicted of criminal offenses." After such hearing, the magistrate judge is to submit to the Court proposed findings of fact and recommendations for disposition. Upon such a report, parties may file objections to the proposed findings and recommendations, and the Court is to then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

As Petitioner's remaining claim alleges that his Sixth Amendment right to an attorney was violated by his attorney's ineffective assistance of counsel, the relevant two-prong standard was laid out by the United States Supreme Court in Strickland v. Washington. In that case, the United States Supreme Court held that, to demonstrate ineffective assistance of counsel, a petitioner must first demonstrate that his counsel's conduct "fell below an objective standard of reasonableness" such that counsel did not exhibit the skill and diligence of a reasonable attorney in similar circumstances. 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also United States v. Acty, 77 F.3d 1054, 1059 (8th Cir. 1996). This first Strickland prong requires that a Petitioner prove that his attorney acted unreasonably under prevailing

professional norms and in light of all of the circumstances, and "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 688, 689. Courts are to grant a strong presumption to decisions by defense counsel that are "reasonable trial strategy," and a petitioner has the burden of overcoming this presumption that trial counsel was competent and effective. English v. United States, 998 F.2d, 609, 613 (8th Cir. 1993) (citations omitted).

Strickland's second prong requires that a Petitioner arguing that his attorney was constitutionally deficient must show that he was sufficiently prejudiced by the alleged errors. 466 U.S. at 691-92. "An error by counsel, even if professional unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . . Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id.; see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990). To fulfill the second prong of Strikland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694; see also United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002). A court reviewing an ineffective assistance of counsel claim is free

to reject the claim based on absence of prejudice even before it evaluates the reasonableness of counsel's performance.  <u>Strickland</u>, 466 U.S. at 696.

In his petitioner, Petitioner stated seven grounds in his claim that his Eighth Amendment right to counsel was violated.  Subsequent to filing the petition and prior to the evidentiary hearing, Petitioner informed the Court that he withdrew the seventh claim.  Docket 301, page 3 n.2.  The Court addresses the remaining six claims in turn.

**1.   Failure to Adequately Investigate Videotapes and Promises Not to Prosecute**

Petitioner complains that his attorney failed to adequately investigate interactions between him and law enforcement prior to his indictment.  Docket 274, page 8.  Specifically, Petitioner argues that his attorney failed to investigate law enforcement's promises to Petitioner or to obtain an alleged videotape of these conversations.  He also complains that his attorney "did not take steps to determine whether or not [he] had been misled with false promises and inducements by law enforcement."  <u>Id.</u>  At the evidentiary hearing before Magistrate Judge Duffy, Petitioner testified conversations between himself and federal agents were videotaped which included promises from agents that no prosecution would occur.  Transcript of Evidentiary Hearing (Transcript), page 5-7.  Importantly, Petitioner also admitted under oath that he used methamphetamine on at least one occasion after the agreement with the Government was allegedly made.  <u>Id.</u> at 24.

5

John Murphy, Petitioner's attorney at the time, also testified at the hearing that his discovery request included videotapes in the Government's possession. Transcript, page 50. Murphy could not recall Petitioner telling him about such videotapes, but he testified that if Petitioner had told him of the existence of videotapes, he would have made further inquiry. Id. at 50-51. Murphy also stated that he suspected that any discovery demands would include a request for all videotapes, and that he had no memory of ever seeing such a videotape in the federal system. Transcript, page 49-50. Regarding promises made by the Government to Petitioner, Murphy does not recall any promise that Petitioner would not be prosecuted at all. Id. at 51-52, 83. Finally, Murphy testified that Petitioner's relapse to drug use, which would have occurred after the Government's alleged promise not to prosecute, would likely have resulted in a breach of the agreement and resulted in prosecution. Id. at 74-75.

The Magistrate Judge concluded that Petitioner failed to prove that his attorney was unconstitutionally deficient, since she did not find credible Petitioner's allegations that videotapes existed. Docket 301, page 19. In his objections, Petitioner argues that Murphy's testimony that he was not aware of any tapes was insufficient to rebut Petitioner's repeated claims that the videotapes existed. Docket 302, page 2-4.

The Court has conducted a de novo review of this issue, including Petitioner's objections, and it adopts the recommendation of the Magistrate

6

Judge that relief on this ground is not justified.  Murphy testified that he believed that he made discovery requests which included videotapes and that he had no reason to expect the existence of such a videotape in a federal prosecution, and Petitioner has failed to demonstrate that such conduct is unreasonable based on prevailing professional norms.  See United States v. Acty, 77 F.3d 1054, 1059 (8th Cir. 1996).  Further, in light of Petitioner's subsequent drug use, which would have voided any agreement not to prosecute, Petitioner has similarly failed to demonstrate that he was prejudiced by any of his attorney's alleged errors.  See Smith v. Lockhart, 921 F.2d 154, 156 (8th Cir. 1990).  Since Petitioner has thus failed to prove that his attorney was unconstitutionally deficient as required by Strickland, relief on this ground is denied.

**2.    Failure of Counsel to Obtain Medication**

Petitioner's second allegation regarding ineffective assistance of counsel is that Murphy "took no action to ensure that Mr. Bauer received his psychotropic medication while he was detained."  Docket 274, page 8.  Petitioner states that the lack of proper medication rendered him unable to make decisions, assist his attorney, and understand the consequences of pleading guilty.  Id.  The Magistrate Judge concluded that the case cited by Petitioner was distinguishable from the Petitioner's case, that Petitioner had failed to demonstrate that his attorney's conduct fell below an objective standard of reasonableness, and that

7

Petitioner had not demonstrated that he was prejudiced by any alleged failures of his attorney.  Docket 301, page 20-22.  Petitioner objected to this conclusion, stating that in light of Murphy's vague recollections about this issue, Petitioner's specific testimony regarding his mental health issues and his desire for medication was sufficient to establish his counsel's ineffective assistance. Docket 302, page 4-6.

The Court has conducted a de novo review of the report and recommendations issued by Magistrate Judge Duffy.  After reviewing the facts and the law as it relates to this case, as well as the objections made by Defendant, the Court adopts the recommendations issued by Magistrate Judge Duffy and determines that relief on this ground is not warranted.  At the evidentiary hearing, Petitioner testified that he sporadically took Wellbutrin, that he complained to jail staff about not getting his medication, and that his untreated depression in jail "entered my judgment" and caused him to avoid conflict with his attorney and go along with whatever his attorney said. Transcript, page 8-10, 24-27.  Petitioner also agreed that "the situation might have been different" if he had received medication, but presents no additional or more persuasive evidence that he would not have entered a guilty plea.  Id. at 10.  Finally, the Court notes that it has already reviewed Petitioner's § 2255 claim that he was incompetent to plead guilty and concluded that his guilty

pleas were valid and not in violation of his constitutional or statutory rights.
Docket 285, page 10-15.

The Court concludes that these allegations by Petitioner are insufficient to
demonstrate that his attorney's conduct in failing to ensure Petitioner received
Wellbutrin fell below an objective standard of reasonableness so as to render his
assistance constitutionally deficient.  Further, the Court believes that Petitioner
has failed to demonstrate that he was prejudiced by any alleged failure of his
counsel to secure prescription drugs for his depression.  Since the Court finds
that Petitioner has not met his burden under Strickland v. Washington,
Petitioner's motion on this ground is denied.

**3.     Advice Regarding BOP's Drug and Alcohol Program**

Petitioner complains that in agreeing to plead guilty, he relied in part on
his attorney's statements that he would be eligible for a reduction of sentence for
participation in the Bureau of Prison's drug and alcohol treatment program
(DAP).  Docket 274, page 8.  In her report, the Magistrate Judge found credible
the testimony of Murphy that he does not tell his clients that they will get a
reduced sentence for DAP participation because he "has lost the ability to predict
what BOP is going to do regarding" eligibility for DAP's sentencing credit.
Transcript, page 59; Docket 301, page 23.  Moreover, the Magistrate Judge
found not credible Petitioner's testimony that his attorney told him that he could
get a reduced sentence for his DAP participation.  Docket 301, page 25.  Thus,

9

concluded the Magistrate Judge, Petitioner's allegations were false and did not warrant relief.  Petitioner objects, stating that Murphy's lack of recollection about this specific issue means that "there is no direct dispute in testimony" and the Court must therefore believe his "unrebutted" version of events.  Docket 302, page 6-7.

After a de novo review of this matter, including a review of the parties' arguments, the Magistrate Judge's report, and a transcript of the evidentiary hearing, the Court concludes that Petitioner has not established that his attorney's conduct constituted ineffective assistance of counsel.  The Court adopts the Magistrate Judge's conclusion that Murphy's testimony is credible that he would not have told Petitioner that he could reduce his sentence through the DAP program.[1]  See Transcript, 75-76; see also United States v. Raddatz, 447 U.S. 667, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980) (permitting district court to adopt magistrate court's credibility determinations).  Further, the Court does not believe that Petitioner has shown that he was prejudiced by any alleged

---

[1] The Court does not agree with Petitioner that specific testimony from a petitioner regarding ineffective assistance of counsel is "unrebutted" when the attorney cannot offer specific memories of interactions with the Petitioner but does provide testimony about his general practices in dealing with his clients. Nor does the Court believe that a witness' credibility rests on the specificity of his testimony.  Petitioner seems to argue that habeas relief is justified when a Petitioner says he remembers something clearly and when his attorney does not have such specific recollections.  Such a situation is an unavoidable result of the criminal justice system, and the Court is within its discretion to rely on a reputable attorney's statements regarding his general practices even in the face of specific testimony from a Petitioner which is determined to be uncredible.

10

failures such that there is a "reasonable probability . . . that the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, the Court adopts the Magistrate Judge's conclusion that Petitioner has failed to establish both deficient performance and prejudice with regard to this issue, and it finds that no relief on this ground is warranted.

**4.     Failure to Object to Paragraph 77 of the Presentence Report**

Petitioner's next claim is that his attorney "did not object or at least seek clarification of" paragraph 77 of the presentence investigation report which discussed factors to be considered in departing upward from the guidelines. Docket 274, page 9. Specifically, that paragraph included a statement that Petitioner possessed firearms that he knew were stolen, and Petitioner contends at this time that he never knew that the guns were stolen. Despite this statement in the report, however, Petitioner was not given an upward departure for this or any other reason, but he states that it still "negatively impacted the sentence he did receive." Id.

The Magistrate Judge concluded that Murphy did file a general objection to an upward departure as discussed in paragraph 77, but he did not specifically object to the stolen guns statement and did not discuss his objection further at the sentencing hearing, in part because the district court stated that she did not intend to depart upward from the guideline range. Docket 301, page 25. The Magistrate Judge also concluded that Petitioner has not demonstrated that he

11

was prejudiced by any alleged deficiencies of his attorney.  Id. at 25-26.  In his objection, Petitioner argues that Murphy failed to file a specific objection to the allegation that the guns were stolen and that this omission was in error.  Docket 302, page 7.  Additionally, argues Petitioner, "the omission by prior counsel impacted Petitioner's sentencing" because "putting the Petitioner in the most favorable light was critical" because of the district court's consideration of a downward departure from the guidelines.  Id. at 7-8.

After carefully reviewing the Magistrate Judge's report and recommendations, Petitioner's objections, and relevant caselaw, the Court adopts the Magistrate Judge's recommendation.  Petitioner has failed to prove either that his attorney was constitutionally deficient regarding his treatment of the stolen guns statement; more significantly, he has failed to present any evidence that he was prejudiced by any alleged mistakes of his attorney.  Therefore, relief on this ground is denied.

**5.    Failure to Object to Prosecutor's Sentencing Argument**

Next, Petitioner complains that he was prejudiced by his attorney's failure to object to "erroneous or misleading statements" made by the government's attorney at sentencing, including the statement that Petitioner had begun using drugs again and that he was probably dealing drugs as well.  Docket 274, page 9.  While Petitioner admitted that he had used drugs between his arrest and sentencing, he states that he did not sell drugs and that his attorney knew as

12

much.  Noting that Petitioner failed to provide any legal authority for his argument, the Magistrate Judge concluded that Murphy's decision to not object to the remark was a strategic one which did not render his performance deficient.  Docket 301, page 26.  Petitioner objects to this recommendation, restating his arguments in his original petitioner.  Docket 302, page 8.

The Court has conducted a de novo review of this issue, including the hearing transcript, the Magistrate Judge's report, Petitioner's objections, and relevant caselaw, and it adopts the Magistrate Judge's recommendation that relief on this ground should be denied.

**6.    Failure to Present Mitigating Evidence at Sentencing**

Finally, Petitioner complains that his attorney did not present mitigating evidence at his sentencing from "employers, friends and family members" who would have been willing to submit letters and testify.  Docket 274, page 9. "Mitigation was crucial as the government had filed a motion for downward departure pursuant to USSG § 5K1.1 and had any mitigation evidence been presented [Petitioner] may well have received a lesser sentence."  Id.  At the evidentiary hearing, Petitioner was questioned about what possible mitigating evidence his friends, family, and employers might have said about him, first concluding that "I am not sure what they would say" and then going on to list many "good things" he thinks they would have said.  Transcript, pages 38-39. Petitioner did not present any testimony from any of these potential witnesses

13

regarding what type of mitigating evidence they would have offered at the sentencing hearing.  Also at the evidentiary hearing, Murphy stated that it is his typical practice to gather names of potential mitigating witnesses and send out letters; however, he did not remember if he did so in this case.  Transcript, page 66-67.  Murphy also stated that "probably the most important" mitigating evidence at sentencing was offered in Petitioner's lengthy allocution statement. Id.

The Magistrate Judge concluded that Murphy's decision to emphasize Petitioner's cooperation with the government at the sentencing hearing was "sound trial strategy" and thus fell within a presumption that he acted within the range of reasonable professional conduct – a presumption which Petitioner then failed to overcome.  Docket 301, page 27.  In his objection, Petitioner argues that Murphy's failure to present any mitigation evidence was in error and was not a "tactical" decision which the Court must presume to be reasonable professional conduct.  Docket 302, page 9.  Instead, he argues, his attorney's failure to investigate possible mitigation testimony rendered his performance constitutionally deficient.  Id.

The Court has conducted a de novo review of this issue, including the Magistrate Judge's report, the evidentiary hearing transcript, Petitioner's objections, and relevant arguments and caselaw, and it adopts the Magistrate Judge's recommendation that this relief on this ground be denied.  The Court

14

concludes that Petitioner has failed to show that he was prejudiced by the failure to present mitigating evidence.  The sole case cited by Petitioner is <u>Williams v. Taylor</u>, in which the Supreme Court established that Williams' attorney was constitutionally deficient in a death penalty case for failing to present mitigating evidence of "nightmarish" abuse and mistreatment as a young child, Williams' borderline mental retardation, and other specific mitigating information.  529 U.S. 362, 396, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The facts in this case do not come close to those in <u>Williams</u>, where the prejudice to the defendant was very evident, and where the penalty was a death sentence as decided by a jury.[2]  <u>See</u> <u>Paul v. United States</u>, 534 F.3d 832 (8th Cir. 2008) (denying writ of habeas corpus when defense attorney's failure to present mitigating evidence during death penalty sentencing phase did not prejudice defendant).  Finally, the Court notes that Petitioner did receive a reduced sentence in part due to his attorney's advocacy with regard to Petitioner's cooperation with the Government.  As Petitioner has failed to meet the requirements of <u>Strickland</u> by establishing that

---

[2] Petitioner seeks to apply <u>Williams v. Taylor</u> to his case.  However, upon reviewing Eighth Circuit cases which cited <u>Williams</u> for the proposition that counsel is deficient for failing to provide mitigating evidence at sentencing, the Court turned up only cases involving the death penalty.  Thus, the Court is unsure whether the Eighth Circuit would even find that the rule of <u>Williams</u> applies outside of the context of capital cases.  Regardless, because Petitioner has failed to demonstrate that he was prejudiced by any alleged failures of his attorney, relief on this ground is not warranted.

15

he was prejudiced by any alleged failures by his attorney to present mitigating evidence, the Court denies relief on this ground.

For the reasons stated above, it is hereby

ORDERED that the Magistrate Judge's report and recommendation, Docket 301, is ADOPTED in its entirety.

IT IS FURTHER ORDERED that Petitioner's motion to vacate, set aside, or correct sentence, Docket 274, is DISMISSED in its entirety.

IT IS FURTHER ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability is denied.

Dated: December 16, 2008.

BY THE COURT:

/s/ Andrew W. Bogue

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE

16